UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LENDTERRA, INC.,

              Plaintiff,

  -against-

BAIS YAAKOV OF BROOKLYN, INC., YESHIVA TORAH VODAATH INC., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

              Defendants.
------------------------------------------------------------------- x

MEMORANDUM AND ORDER

No. 21-CV-04647-JRC

JAMES R. CHO, United States Magistrate Judge:

## Introduction

Plaintiff Lendterra, Inc. ("plaintiff" or "Lendterra") brings this diversity action pursuant to New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") § 1301 *et seq*. to foreclose a mortgage upon real property located at 3025 Avenue L, Brooklyn, New York 11210 (the "Property"). Plaintiff names as defendants Bais Yaakov of Brooklyn, Inc. ("Bais Yaakov") as the mortgagor; Yeshiva Torah Vodaath Inc. ("YTV") as lessee of the property; and New York City Environmental Control Board ("ECB"). Before the Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and for judgment of foreclosure and sale of the Property. For the reasons set forth below, the Court denies plaintiff's motion for summary judgment without prejudice to renew after a determination on whether Bais Yaakov constitutes a "religious corporation."

## Background

On February 15, 2019, Bais Yaakov executed and delivered a note to Lendtuit LLC in the amount of $1,250,000 with interest (the "Note"). Dkt. 1 ("Compl.") ¶ 12(b); Dkt. 42 (Affidavit

of David J. Crantz ("Crantz Aff.")) ¶ 6.  The Note provided for repayment in monthly installments, Crantz Aff. ¶ 6, with a maturity date of March 1, 2021, *see* Compl. Ex. D, Dkt. 1-4 ¶ 2.1; *see also* Crantz Aff. Ex. A, Dkt. 42 at ECF page 6.[1]  On the same day, to secure repayment of the Note, Bais Yaakov executed a mortgage to Lendtuit LLC encumbering the Property (the "Mortgage").  Compl. ¶ 12(a); Crantz Aff. ¶ 7.  The Note and Mortgage were assigned by *mesne* to plaintiff Lendterra.  Compl. ¶ 12(c); Crantz Aff. ¶ 8.  On or about August 11, 2020, Bais Yaakov executed a forbearance agreement in favor of plaintiff, which modified the unpaid principal to $1,448,000.  Compl. ¶ 12(d); Crantz Aff. ¶ 9.  Bais Yaakov breached its obligations under the Note by failing to make the payment due on April 1, 2021, and has not made subsequent payments.  Crantz Aff. ¶ 11.

      Plaintiff commenced this action against Bais Yaakov on August 18, 2021 seeking to foreclose on the Mortgage.  *See generally* Compl.  The complaint names the lessee of the Property, YTV, and the ECB as necessary-party defendants due to their claimed interest in or liens upon the Property.  *Id.* ¶¶ 5–9.  After initially failing to appear in the action, Bais Yaakov filed its answer on November 1, 2021.  *See* Dkt. 17.  YTV filed its answer on December 20, 2021.  *See* Dkt. 24.

      On December 9, 2022, plaintiff filed its motion for summary judgment.  Mot. for Summary Judgment, Dkt. 39 ("Mot.").[2]  Bais Yaakov submitted a brief in opposition, *see* Dkt. 44 ("Opp."), which YTV joined in full, *see* Dkt. 45.  Despite raising seven affirmative defenses

---

[1] References to "ECF page" refer to the page designation issued by the Court's Electronic Case Filing system.

[2] On December 21, 2022, Bais Yakov filed for Chapter 11 Bankruptcy in the Eastern District of New York.  *See* Case No. 22-43167-JMM (E.D.N.Y.).  The foreclosure case was automatically stayed pending resolution of Bais Yakov's bankruptcy petition.  On August 3, 2023, the Bankruptcy Court granted plaintiff relief from the automatic stay.  *See* Dkts. 50–52.

2

in its Answer, *see* Dkt. 17 ¶¶ 7–14, Bais Yaakov has since admitted to the execution of the Note and Mortgage and to its failure to make payments, *see* Dkt. 44-2 ("BY 56.1") ¶¶ 1–7. Bais Yaakov asserts, as its singular affirmative defense to foreclosure, that the Mortgage is void because Bais Yaakov is a religious corporation and, as such, cannot encumber its property without approval from a court or the New York Attorney General pursuant to the New York Religious Corporations Law ("RCL"). *See* Opp. at 1–3. Plaintiff subsequently filed its reply. *See* Dkt. 46 ("Reply").

On March 15, 2024, the Court heard oral argument on plaintiff's motion for summary judgment. *See* Minute Entry dated 3/15/2024. At the hearing, the Court requested further briefing solely on the question of whether the Mortgage should be ratified *nunc pro tunc* pursuant to Section 12(9) of the RCL. On April 15, 2024, plaintiff filed its supplemental brief. *See* Dkt. 58 ("Supp. Br."). Bais Yaakov submitted a supplemental declaration in opposition, *see* Dkt. 62, and YTV filed its own supplemental opposition, *see* Dkt. 61.

Also at the March 15, 2024 hearing, the Court requested further information on the status of three related state-court actions currently pending in the New York Supreme Court, Kings County. The parties submitted their joint letter on April 1, 2024. *See* Dkt. 57.

## Discussion

### I. Legal Standard

A court may grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). "In deciding whether there is a genuine issue of material fact as to an element essential to

3

a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002) (internal quotation marks omitted).

On the other hand, "[t]o survive summary judgment . . . the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Reiseck v. Universal Commc'ns of Miami*, No. 06-CV-0777, 2012 WL 3642375, at *2 (S.D.N.Y. Aug. 23, 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986)). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

## II. Plaintiff's *Prima Facie* Case for Foreclosure

Under New York law, a plaintiff establishes a *prima facie* case in a mortgage foreclosure action by "producing evidence of: (1) the mortgage; (2) the note; and (3) the mortgagor's default." *1077 Madison St., LLC v. Smith*, No. 13-CV-7182, 2015 WL 5793427, at *2 (E.D.N.Y. Sept. 30, 2015), *aff'd*, 670 F. App'x 745 (2d Cir. 2016). Once a *prima facie* case is established, the burden shifts to the defendant to raise a "triable issue of fact, including with respect to any alleged defenses or counterclaims." *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414–15 (E.D.N.Y. 2018).

Here, plaintiff has established its *prima facie* case. It has submitted the Note, *see* Dkt. 1-4, and Mortgage, *see* Dkt. 1-3, with its complaint and briefing. Plaintiff has also submitted the affidavit of plaintiff's president, David J. Crantz, attesting to Bais Yaakov's default. *See* Dkt. 42 ¶ 11. Moreover, plaintiff's Rule 56.1 Statement states that "[d]efendants have failed to cure their default under the Note and Mortgage since the transmittal of the Default Notice," Dkt. 39-1 ("Pl. 56.1") at ¶ 7, which Bais Yaakov admits in its Rule 56.1 Counter-Statement, Dkt. 44-2 at ¶ 7.

4

**III.    Defendant Bais Yaakov's Affirmative Defense:  RCL § 12**

With plaintiff having established its *prima facie* case for foreclosure, the burden now shifts to the defendant to "make an affirmative showing that a defense to the action exists." *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010); *see also E. Sav. Bank, FSB v. Ferro*, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) ("Because [plaintiff] has met its *prima facie* case, the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims.").

In defense, Bais Yaakov argues that Section 12 of the Religious Corporations Law voids the Mortgage.  *See* Opp. at 1–3.  New York's Religious Corporations Law provides, in relevant part, that "[a] religious corporation shall not sell, mortgage or lease for a term exceeding five years any of its real property *without applying for and obtaining leave of the court or the attorney general*."  N.Y. Relig. Corp. Law § 12(1) (emphasis added); *see Church of God of Prospect Plaza v. Fourth Church of Christ, Scientist, of Brooklyn*, 431 N.Y.S.2d 834, 839 (N.Y. App. Div. 1980), *aff'd*, 54 N.Y.2d 742 (N.Y. 1981) (voiding contract for sale of property that failed to comply with RCL).[3]  Section 12 of the RCL was intended to protect the members of such corporations "from loss through unwise bargains and from perversion of the use of the property."  *Church of God*, 431 N.Y.S.2d at 838.

Plaintiff does not dispute that the Mortgage does not comply with the application and

---

[3] Plaintiff initially argues the RCL does not apply because the mortgage term was for two years. *See* Mem. in Supp. of Mot., Dkt. 39-2 at 19.  The Court rejects plaintiff's position that the RCL does not apply based on the term of the mortgage.  New York courts have clarified that "the duration of the mortgage does not affect" the requirements of RCL § 12(1).  *See Berlin v. New Hope Holiness Church of God, Inc.*, 460 N.Y.S.2d 961, 962 (N.Y. App. Div. 1983); *see also Brighton Way, LLC v. Queen Esther's Temple, Inc.*, No. 588/07, 2008 WL 2186155, at *3 (N.Y. Sup. Ct. 2008) ("Plaintiff misconstrues the meaning of § 12 by applying the cited five year limitation on mortgages, when it only applies to leases.").

5

approval procedures set out in the RCL. There is no dispute that the parties failed to obtain court or attorney general approval of the Mortgage. *See* BY 56.1 ¶ 14. Instead, plaintiff asserts three arguments in response. First, plaintiff disputes whether Bais Yaakov is a "religious corporation" covered by the provisions of the RCL. *See* Mot. at 18. Second, plaintiff raises various estoppel arguments, contending that it "was entitled to, and did, rely on documents provided by an authorized representative of [Bais Yaakov]." *See id.* at 14. Third, upon the Court's request for further briefing, plaintiff posits that even if the Court were to assume Bais Yaakov is a "religious corporation," the mortgage should be ratified *nunc pro tunc* by the Court. *See* Supp. Br. at 1–4.

### A. Bais Yaakov's Religious Corporation Status

In order to find that the RCL provides a defense to foreclosure, the Court must first determine that Bais Yaakov is a "religious corporation" as contemplated under the statute. The Court concludes that there is a disputed issue of fact as to whether Bais Yaakov constitutes a "religious corporation."

Under the RCL, a "religious corporation" is a corporation "created for religious purposes." N.Y. Relig. Corp. Law § 2. "In thus determining the threshold question of the applicability of the Religious Corporations Law, the court will look to the provisions of [the] corporation's certificate of incorporation, as well as the actual practices of the organization as revealed in the papers." *Watt Samakki Dhammikaram, Inc. v. Thenjitto*, 631 N.Y.S.2d 229, 231 (N.Y. Sup. Ct. 1995) (citing *Matter of Agudist Council of Greater New York v. Imperial Sales Co.*, 551 N.Y.S.2d 955 (N.Y. App. Div. 1990) (corporation whose certificate of incorporation listed its purposes as providing religious services and services to senior citizens was a religious corporation for purposes of RCL); *Kroth v Congregation Chebra Ukadisha Bnai lsrael Mikalwarie*, 430 N.Y.S.2d 786 (N.Y. Sup. Ct. 1980)). For example, in *YU Pride All. v. Yeshiva*

6

*Univ.*, No. 154010/21, 2022 WL 2158381, at *4 (N.Y. Sup. Ct. June 14, 2022), *aff'd*, 180 N.Y.S.3d 141 (N.Y. App. Div. 2022), the Court held that defendant, Yeshiva University, was not a religious corporation.[4]  Although its initial incorporating document listed an exclusively religious purpose, "to promote the study of Talmud," defendant had departed from its original purpose, having "amended its charter to state that it 'is and continues to be organized and operated exclusively for educational purposes.'"  *Id.* at 4.  In its amended charter, the defendant also "broadened the scope of education it was to provide," primarily in secular subjects.  *Id.*

Here, complicating the question of Bais Yaakov's religious status is the presence of two different incorporating documents, the latter of which does not purport to amend the prior. Defendant Bais Yaakov points to a certificate of incorporation from 1971 (the "1971 COI") filed in the Kings County Clerk's office incorporating Bais Yaakov under the RCL.  *See* Jehuda Herskovits affidavit dated November 14, 2022, Dkt. 44-1 ("Herskovits Aff. I") ¶ 3; *see also id.* at ECF pages 6–7 (attaching the 1971 COI).  Bais Yaakov's stated purpose in the 1971 COI is to "conduct a religious school for girls for higher educational and learning of Hebrew subjects . . . ."  *Id.*

Plaintiff, however, submits a certificate of incorporation filed with the New York Secretary of State, dated January 14, 2019 (the "2019 COI"), incorporating Bais Yaakov as a charitable not-for-profit corporation.  *See* Dkt. 41-7.  The 2019 COI lists Bais Yaakov's purpose as follows:

> The corporation is being formed to enable [Bais Yaakov's] school and organization to continue serving the community.  The corporation intends on

---

[4] For purposes of determining whether defendant qualified for an exemption from the New York City Human Rights Law, this case analyzed whether defendant was a religious corporation incorporated under the New York Education Law.  *YU Pride Alliance*, 2022 WL 2158381, at *3. However, in reaching its conclusion, the Court explicitly applied principles from the RCL and relevant case law.  *See id.* at *5.

7

> helping to fund private school education and social programs in the community . . . . The corporation intends to accomplish this by raising funds and performing school and social services, and consulting. Those who will benefit are the poor and the scholastically deserving.

*Id*.  Plaintiff cites the 2019 COI as proof that Bais Yaakov is not a religious corporation but rather a not-for-profit corporation that would not be subject to the approval requirements of the RCL.  *See* Reply at 2.

The mere existence of the later-filed COI does not convince the Court that Bais Yaakov was restructured so as to strip it of the protections of the RCL.  Plaintiff presents the 2019 COI as evidence that Bais Yaakov intentionally "reincorporate[ed] itself" as a not-for-profit entity.  *See* Mot. at 18–19; Reply at 6.  However, unlike the amended charter in *YU Pride Alliance v. Yeshiva*, the precise legal effect of the 2019 COI on Bais Yaakov's corporate structure remains unclear.

While the RCL does not specify how to restructure a religious corporation, it provides a procedure for dissolution that requires oversight by a state court.  *See* N.Y. RCL § 18.  Further, the Court bears in mind the purpose of the RCL—to protect members and congregants from "unwise bargains" by requiring state oversight.  Allowing the board to restructure a religious corporation simply by filing a second certificate of incorporation, under the same name, with the Secretary of State, could undermine the purpose of the RCL, which is to protect the corporation's members.

Even if the 2019 COI did not validly restructure Bais Yaakov, it may shed light on whether the corporation retains any of its original religious purpose.  The 2019 COI states that Bais Yaakov intends to operate as a school for the poor and scholastically deserving, and it makes no mention of religious schooling.  However, the affidavit of board member Jehuda Herskovits, Dkt. 44-1, suggests that the 2019 COI was a mere formality.  Herskovits attests that

during the loan approval process, the title company involved in the transaction "expressed concern that the only record of Bais Yaakov of Brooklyn's existence in government records was in the County Clerk's office in Brooklyn, NY [, and therefore] asked that [the board] file some sort of acknowledgment that [Bais Yaakov] was a [non-profit organization] . . . so that [the company] would appear on web searches of the NY government data base." Herskovits Aff. I ¶¶ 8–9. Based on Herskovits's sworn statement, there is a dispute of fact as to whether the contents of the 2019 COI reflect the present-day mission of Bais Yaakov, or if the certificate was filed solely to create a record with the Secretary of State.

Lastly, the parties submit conflicting testimony regarding the purpose of Bais Yaakov. Evidence from both plaintiff and defendants shows that, although currently leasing the Property to a religious school, YTV, Bais Yaakov has suspended its operations as a religious education institution. Plaintiff filed a separate affidavit of Jehuda Herskovits, which was submitted in the Kings County proceeding against another board member, David Kenner, Index No. 507107/2020. *See* Jehuda Herskovits affidavit dated April 23, 2020, Ex. A to Reply, Dkt. 46-2 ("Herskovits Aff. II"). In that case, Mr. Herskovits stated as follows:

> Bais Yaakov of Brooklyn is no longer a school and is no longer functioning in any capacity. It offers no classes and publishes nothing. Its sole existence is that we own a building which is rented to Torah Vodaath school at 3025 Ave. L, Brooklyn, NY. We have not had any expenditures for religious programming and have not been paying any "back salaries." This has been the case for many years now.

*Id.* at ¶ 7 (Dkt. 46-2 at ECF page 3). Relying on testimony of David Kenner, Bais Yaakov does not dispute that the corporation's religious activities have been on hold. *See* Dkt. 62-1 ("Kenner Aff.") ¶ 21 (describing Bais Yaakov as "dormant temporarily for the past few years"). Instead, Bais Yaakov submits that it plans to "revitaliz[e] [its] former religious educational activities," and that it needs the Property to one day renew its religious commitments. *Id.* ¶ 22.

9

Without more evidence regarding Bais Yaakov's current purpose, and its alleged future plans to resume its religious educational programming, based on the current record, the Court cannot conclude that Bais Yaakov is not a religious corporation. Plaintiff's motion is denied on this ground.

### B. Estoppel

Because the Court denies summary judgment based on the issue of Bais Yaakov's religious status, the Court must deny summary judgment on plaintiff's equitable arguments as well. If the Court determines that the RCL applies to the Mortgage, the equitable arguments must fail.

First, plaintiff argues that the Mortgage cannot be voided because the board of Bais Yaakov fully authorized it. Mot. at 15–17. But this argument misses the point of Section 12 of the RCL, which—if it were to apply to Bais Yaakov—would require "both leave of the court [or attorney general approval] and appropriate denominational authorization." *Church of God of Prospect Plaza v. Fourth Church of Christ, Scientist, of Brooklyn*, 54 N.Y.2d 742, 743–44 (N.Y. 1981).

Second, plaintiff argues that Bais Yaakov ratified the loan when it accepted the loan proceeds. Mot. at 17–18. However, "New York courts have long rejected the argument that a party may avoid the impact of § 12(1)'s court-approval requirement on equitable grounds." *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 219 (S.D.N.Y. 2014) (rejecting mortgagee's equitable arguments that mortgagor benefitted from the mortgage, and that mortgagor made various representations that induced reliance on its authority to execute the mortgage). Because the success of plaintiff's equitable arguments depends on whether Bais Yaakov is a religious corporation, they cannot be resolved at this time on summary judgment.

10

C. *Nunc Pro Tunc* **Ratification**

The Court granted plaintiff leave to submit further briefing on the question of whether the Court should ratify the Mortgage *nunc pro tunc*. *See* N.Y. Relig. Corp. Law § 12(9). RCL § 12(9) provides that if a religious corporation has mortgaged its property without obtaining court approval in compliance with § 12(1), a court may subsequently approve the mortgage *nunc pro tunc*. *See id*. Specifically, the statute provides as follows:

> If a . . . mortgage . . . has been . . . executed and delivered without the authority of a court of competent jurisdiction . . . the court may, thereafter, upon the application of the corporation, or of the . . . mortgagee . . . confirm said previously executed . . . mortgage, and order and direct the execution and delivery of a . . . mortgage . . .; and upon compliance with the said order such original . . . mortgage shall be as valid and of the same force and effect as if it had been executed and delivered after due proceedings had in accordance with the statute and the direction of the court. . . .

*Id*. "A court will validate a mortgage *nunc pro tunc* under N.Y. RCL § 12(9), if the court is satisfied that (1) 'the consideration and the terms of the transaction are fair and reasonable to the corporation,' and (2) 'the purposes of the corporation or the interests of the members will be promoted.'" *Mosdos*, 14 F. Supp. 3d at 221 (citing N.Y. Not-for-Profit Corp. Law § 511(d)). Applying this two-pronged test, Courts evaluate each prong with reference to facts existing at particular time periods. Under the first prong, Courts consider whether the bargain was "fair and reasonable to the corporation" based on "conditions prevailing at the time [the bargain] was struck." *Mosdos*, 14 F. Supp. 3d at 221 (citations omitted). Under the second prong, Courts consider whether the bargain "promote[s] . . . the purposes of the corporation or the interests of [its] members . . . at the time the contract was made, but [they] should be guided primarily by whether those ends would be realized in light of conditions prevailing at the time the issue is presented to the court." *Id*. (citations omitted).

The Court finds that it cannot consider the issue of whether to approve the Mortgage

11

*nunc pro tunc* at this juncture.  The ratification inquiry is premature without first determining the threshold issue of Bais Yaakov's status as a religious corporation.

As it relates to ratification, the Court is unable to conclude, based on the current record, that "the consideration and the terms of the transaction [were] fair and reasonable to the corporation."  Further, given the existing dispute regarding Bais Yaakov's plans to resume its religious schooling, the Court cannot properly assess, based on the current record, whether "the purposes of the corporation or the interests of the members will be promoted."  Such an inquiry necessarily relies on the assumption that a corporation has a congregation or other members.  For example, cases make clear that losing a house of worship would not serve the purposes of a religious corporation, and courts have denied ratification on those grounds.  *See Church of God*, 431 N.Y.S.2d at 838–39; *John T. Walsh Enterprises, LLC v. Grace Christian Church*, 113 N.Y.S.3d 831 (N.Y. Sup. Ct. 2019).

In the event the Court finds that Bais Yaakov is a religious corporation, on any renewed application to approve the Mortgage *nunc pro tunc*, the parties will need to address based on a more fully developed factual record, *inter alia*, "whether the transaction was for the best interests of the religious corporation, what the reasons were for the disposition of the property, whether the religious corporation had sufficient assets or was insolvent at the time of the transfer, whether the consideration was adequate, . . . how the proceeds were used," *Mosdos* 14 F. Supp. 3d at 223 (citing 92 N.Y. Jur. 2d, Religious Organizations § 125 (2014)), and the purposes of Bais Yaakov's present-day activities.

12

## Conclusion

For the foregoing reasons, the Court denies plaintiff's motion for summary judgment without prejudice to renew after an evidentiary hearing and determination on the issue of whether Bais Yaakov constitutes a "religious corporation."

**SO ORDERED**

Dated: Brooklyn, New York
July 30, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge

13