UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LENDTERRA, INC.,

Plaintiff,

-against-

BAIS YAAKOV OF BROOKLYN, INC., BAIS YAAKOV OF BROOKLYN a/k/a BAIS YAAKOV OF MIDWOOD, YEHOSHUA MILTON BALKANY, individually and in his capacity as board member of Bais Yaakov of Brooklyn, Inc. and Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood; SARA BALKANY, individually and in her capacity as board member of Bais Yaakov of Brooklyn, Inc. and Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood, DAVID KENNER, individually and in his capacity as board member of Bais Yaakov of Brooklyn, Inc. and Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood, JEDHUDA HERSKOVITZ, individually and in his capacity as board member of Bais Yaakov of Brooklyn, Inc. and Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood, YESHIVA TORAH VODAATH INC., and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

---

MEMORANDUM AND ORDER

No. 21-CV-04647-JRC

JAMES R. CHO, United States Magistrate Judge:

**Introduction**

Plaintiff Lendterra, Inc. ("plaintiff" or "Lendterra") brings this diversity action to foreclose a mortgage upon real property located at 3025 Avenue L, Brooklyn, New York 11210 (the "Property"), pursuant to New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") § 1301 *et seq*. Plaintiff names as defendants Bais Yaakov of Brooklyn, Inc. ("Bais Yaakov Inc.") as the mortgagor; Bais Yaakov of Brooklyn ("BYOB") as an alter ego of Bais Yaakov Inc.; Yeshiva Torah Vodaath Inc. ("YTV") as lessee of the property; the New York

City Environmental Control Board ("ECB"); and individual defendants Yehoshua Milton Balkany, Sara Balkany (together, the "Balkanys"), David Kenner ("Kenner"), and Jedhuda Herskovitz ("Herskovitz") (collectively, "the individual defendants"). Currently pending before the Court is a motion to dismiss filed by defendants BYOB, Yehoshua Milton Balkany, and Sara Balkany, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. *See* Dkt. 109. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

**Factual Background**

In late 2018 or early 2019, BYOB and the individual defendants sought to obtain financing through a mortgage and note on the Property. Am. Compl. ¶¶ 22-23, Dkt. 95. BYOB hired defendant Kenner to procure the mortgage and note. *Id.* ¶ 24. Accordingly, Kenner represented himself to lenders as an agent of BYOB with authority to execute the mortgage and note. *Id.* ¶¶ 24-25.

On February 15, 2019, BYOB's Board of Directors unanimously approved the terms of a loan. *Id.* ¶ 27 & Ex. E, Dkt. 95-5.

On the same day, Bais Yaakov Inc. executed and delivered a mortgage (the "Mortgage") and note to Lendtuit LLC encumbering the Property, in the amount of $1,250,000, plus interest (the "Note"). *Id.* ¶ 28. Both instruments were executed by Kenner as "Secretary" of Bais Yaakov Inc. *Id.* The Mortgage was recorded in the Office of the City Register of the City of New York for the County of Kings in City Register File Number 2019000059027, on February 21, 2019. *Id.*

The Note and Mortgage were assigned by *mesne* to plaintiff Lendterra. *Id.* ¶ 30. On or about August 11, 2020, Bais Yaakov Inc. executed a forbearance agreement in favor of plaintiff,

which modified the unpaid principal balance to $1,448,000. *Id.* ¶ 29. Bais Yaakov Inc. breached its obligations under the Note by failing to make the payment due on April 1, 2021, and has not made subsequent payments. *Id.* ¶ 33.

Two related state court actions were commenced in the Supreme Court of the State of New York, Kings County, titled *Yehoshua Balkany, v. David Kenner*, Index No. 507107/2020 (Sup. Ct. Kings Cty.) (the "Kenner Action"); and *Bais Yaakov of Brooklyn v. Yeshiva Torah Vodaath Inc.*, Index No. 518985/2019 (Sup. Ct. Kings Cty.) (the "YTV Action") (collectively, the "State Court Actions"). Am. Compl. ¶¶ 25, 46; Dkt. 95-3; Dkt. 95-13. The Kenner Action settled and was discontinued.

On August 18, 2021, plaintiff commenced the instant action against Bais Yaakov Inc. alleging a sole cause of action seeking to foreclose on the Mortgage. *See generally* Compl., Dkt. 1. The original Complaint named only Bais Yaakov Inc., YTV, and the ECB. *Id.* ¶¶ 3-9. After initially failing to appear in the action, Bais Yaakov Inc. filed its answer on November 1, 2021. *See* Dkt. 17. YTV filed its answer on December 20, 2021. *See* Dkt. 24.

On December 9, 2022, plaintiff moved for summary judgment. Mot. for Summ. J., Dkt. 39 ("Mot.").[1] In the course of briefing the summary judgment motion, Bais Yaakov Inc. admitted to the execution of the Note and Mortgage and to its failure to make payments, *see* Dkt. 44-2 ¶¶ 1-7. By Memorandum and Order dated July 30, 2024, the Court found that plaintiff established a prima facie case for foreclosure by demonstrating that it was the holder of the Mortgage and Note, and a default. *See Lendterra, Inc. v. Bais Yaakov of Brooklyn, Inc.*, No. 21-

---

[1] On December 21, 2022, Bais Yaakov, Inc. filed for Chapter 11 Bankruptcy in the Eastern District of New York. *See* Case No. 22-43167-JMM (E.D.N.Y.). The instant action was automatically stayed pending resolution of Bais Yaakov's bankruptcy petition. On August 3, 2023, the Bankruptcy Court granted plaintiff relief from the automatic stay. *See* Dkts. 50-52.

CV-4647, 2024 WL 3581205, at *2 (E.D.N.Y. July 30, 2024). However, the Court denied plaintiff's motion for summary judgment because it concluded that there is a disputed issue of fact as to whether defendant Bais Yaakov Inc. qualifies as a "religious corporation," which would constitute a defense to foreclosure under section 12 of the Religious Corporations Law ("RCL"). *Id.* at *6-10.

On June 24, 2025, plaintiff filed a motion for leave to file an Amended Complaint adding claims for: (i) a declaration of the Mortgage's validity; and (ii) a declaration of an equitable lien or mortgage in the event the subject mortgage is deemed invalid under RCL § 12(1). *See* Am. Compl. The Amended Complaint also added claims for unjust enrichment and fraud against newly-added defendants BYOB, the Balkanys, Kenner, and Herskovitz, based on a scheme committed to thwart their repayment obligations owed in connection with the Mortgage and Note. *See id.* The Court granted the unopposed motion to amend. *See* Order dated 8/13/2025.

Now, defendants BYOB, Yehoshua Milton Balkany, and Sara Balkany (collectively referred to as "moving defendants") move to dismiss the Amended Complaint on various grounds. First, regarding the First (foreclosure), Second (declaratory relief) and Third (reformation) Causes of Action, the moving defendants contend that BYOB and Bais Yaakov Inc. are separate and distinct entities and that Bais Yaakov Inc. lacked authority to execute the subject Mortgage encumbering the Property. Accordingly, defendants argue that the Mortgage is not a valid lien against the Property. Defendants further argue that the Fourth and Fifth Causes of Action seeking equitable relief are unavailable under the circumstances. Finally, defendants argue that the Sixth Cause of Action for fraud must be dismissed on statute of limitations grounds and for failure to plead fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

## Discussion

### I. Legal Standards for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief may be granted[.]" Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the complaint's well-pleaded factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020); *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Lynch*, 952 F.3d at 74. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff need not allege "detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). "[A] formulaic recitation of the elements of a cause of action will not do"; the claim must set forth "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Rule 8 of the Federal Rules of Civil Procedure requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In evaluating a motion to dismiss, a court may consider (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, and (3) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010) (internal quotation marks and citation omitted) (collecting cases), *aff'd*, 446 F. App'x 360 (2d Cir. 2011).

Defendants contend that the foreclosure-related claims should be dismissed based on documentary evidence that establishes that: (1) BYOB and Bais Yaakov Inc. are "two separate and distinct entities[,]" and (2) the Property is purportedly owned by BYOB and therefore Bais Yaakov Inc. "had no authority to mortgage the property as security for the Note it executed in favor of Plaintiff." Mem. of Law in Support of Balkany Defs.' Mot. to Dismiss ("Defs.' Mem.") at 4, Dkt. 109-7. In opposition, plaintiff argues that defendants rely on documents that are outside of the record and may not be considered on a motion to dismiss. Pl.'s Mem. of Law in Opp. to Mot. to Dismiss ("Pl. Opp.") at 8, Dkt. 110. Second, plaintiff argues that there are disputed issues of fact that are not appropriate for resolution on a motion to dismiss. *Id.* at 9-11.

## II. Documents Outside the Amended Complaint

First, the Court finds that it may properly rely on the documents submitted by the moving defendants in support of their motion to dismiss. Defendants have submitted five documents attached to the declaration of their counsel: (1) BYOB's deed to the Property; (2) property records recorded in the Office of the City Register of the City of New York; (3) BYOB's Articles of Incorporation; (4) Bais Yaakov Inc.'s Certificate of Incorporation; and (5) a stipulation of settlement entered in a related state court action. *See* Dkt. 109-1 to 109-6. As to the first two documents, it is well established that the court may take judicial notice of property records recorded in the Office of the City Register of the City of New York. *See Wells Fargo Bank, N.A. v. Ogola*, No. 24-CV-8667, 2026 WL 825456, at *10 (E.D.N.Y. Jan. 7, 2026), *report and recommendation adopted as modified*, 2026 WL 820683 (E.D.N.Y. Mar. 25, 2026); *Avail 1*

*LLC v. Latief*, No. 17-CV-5841, 2020 WL 5633869, at *8 (E.D.N.Y. Aug. 14, 2020), *report and recommendation adopted*, 2020 WL 5633099 (E.D.N.Y. Sept. 21, 2020); *Stewart v. Loring Estates LLC*, No. 18-CV-2283, 2020 WL 3002363, at *9 (E.D.N.Y. Feb. 26, 2020) ("Where, as here, a case concerns real property located in the City of New York, the Court may take judicial notice of and consider public documents relating to the real property at issue, such as those available at the [ACRIS] Website."), *report and recommendation adopted*, 2020 WL 1231783 (E.D.N.Y. Mar. 13, 2020); Fed. R. Evid. 201. Similarly, the court may take judicial notice of incorporation documents filed with the New York Secretary of State. *See Weiss v. Sherloq Revenue Sols., Inc.*, No. 19-CV-7103, 2021 WL 965810 (S.D.N.Y. Mar. 12, 2021); *Maller v. Rite Aid Corp.*, No. 14-CV-0270, 2016 WL 1275628, at *3 (N.D.N.Y. Mar. 31, 2016) ("[T]he Court may take judicial notice of Rite Aid New York's status as a business incorporated in New York based upon documents filed with the New York State Department of State."). Finally, the court may also take judicial notice of the state court filings in a related case. *See Stewart*, 2020 WL 3002363, at *9; *Purjes v. Plausteiner*, No. 15-CV-2515, 2016 WL 552959, at *4 (S.D.N.Y. Feb. 10, 2016).

In addition, BYOB's Articles of Incorporation and Bais Yaakov Inc.'s Certificate of Incorporation are also clearly incorporated by reference in the Amended Complaint. For a document to be incorporated by reference, the complaint must make "clear, definite[,] and substantial" references to the document. *See Remcoda LLC v. Ridge Hill Trading (PTY) LTD*, No. 21-CV-979, 2022 WL 603998, at *11 (S.D.N.Y. Mar. 1, 2022) (finding that a contract was incorporated by reference where the complaint recited the relevant terms of the agreement); *Hutchins v. Solomon*, No. 16-CV-10029, 2018 WL 4757970, at *7 (S.D.N.Y. Sept. 29, 2018) (finding that a letter was incorporated by reference where the complaint cited and paraphrased

the letter); *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 157 (S.D.N.Y. 2015) (finding that foreign court decisions and articles were incorporated by reference where the complaint cited and relied on them, and historical data regarding stock price was incorporated by reference where the complaint referenced the decrease in stock price).

Here, in paragraph 3 of the Amended Complaint, plaintiff alleges that BYOB is an entity formed in 1971 as a religious corporation under the RCL. Am. Compl. ¶ 3. Paragraph 5 further discusses BYOB's "1971 corporate paperwork that lists it as a religious corporation." *Id.* ¶ 5. In addition, the Amended Complaint alleges that the individual defendants "filed new paperwork with the New York Secretary of State" for Bais Yaakov Inc. as a not-for-profit entity. *Id.* ¶ 5; *see id.* ¶ 37 (Bais Yaakov Inc. "is registered with the New York Secretary of State as a Not-for-Profit corporation versus a religious corporation.").

Moreover, a document is integral to the complaint where the plaintiff "had" to rely on its content "to explain what the actual unlawful course of conduct was," *Hutchins*, 2018 WL 4757970, at *7 (citations omitted), or where the plaintiff "relied heavily" on the document in framing its complaint, *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 269 (S.D.N.Y. 2005); *see also Gantt v. Ferrara*, No. 15-CV-7661, 2017 WL 1192889, at *14 (S.D.N.Y. Mar. 29, 2017). Heavy reliance on a document means reliance on the terms and effect of that document in drafting the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 331 (S.D.N.Y. 2003) (complaint must make "a clear, definite and substantial reference to the documents").

Here, plaintiff alleges that even though the individual defendants knew that BYOB was incorporated as a New York religious corporation, and that a court order or New York Attorney General approval was required to secure a mortgage, in 2019, defendants filed new corporate

formation documents with the New York Secretary of State for Bais Yaakov Inc. Am. Compl. ¶¶ 4-5. Plaintiff further alleges that as "part of the Borrower Defendants' subterfuge," the individual defendants advised the lender that Bais Yaakov Inc. was not a religious corporation, but was a not-for profit corporation and represented that Bais Yaakov Inc. and BYOB were the same entity. *Id.* ¶ 5. Thus, the corporate formation documents were integral to the Amended Complaint because plaintiff relied on the terms of the documents in alleging that the defendants' fraudulent misrepresentations caused the lender to enter into the loan agreement.

**III. Foreclosure, Declaratory Judgment and Reformation Claims (First, Second and Third Causes of Action)**

The moving defendants ask the Court to find that the Mortgage executed by Bais Yaakov Inc. encumbering BYOB's property, which it did not own or have authority to encumber, is invalid. Defs.' Mem. at 4-6. Defendants ask the Court to act as the finder of fact rather than apply the standard governing the adequacy of pleadings. At this juncture, notwithstanding the Court's consideration of the exhibits relied on by the moving defendants, they cannot demonstrate that they are entitled to dismissal based on the evidence submitted.

**A. Agency**

The moving defendants argue that BYOB and Bais Yaakov Inc. were separately incorporated, and, therefore, Bais Yaakov Inc. lacked authority to execute the Mortgage encumbering the Property owned by BYOB. *See id.* However, a determination of actual or apparent agency requires the determination of facts beyond the pleadings. "The existence of apparent authority is normally a question of fact, and therefore inappropriate for resolution on a motion for summary judgment," let alone, a pre-discovery motion to dismiss. *Minskoff v. Am. Exp. Travel Related Servs. Co., Inc.*, 98 F.3d 703, 708 (2d Cir. 1996); *see Old Rep. Ins. Co. v. Hansa World Cargo Serv., Inc.*, 51 F. Supp. 2d 457, 471 (S.D.N.Y. 1999) ("New York courts

have recognized that the question of the existence and scope of an agency relationship is a factual issue that a court cannot properly adjudicate on a motion to dismiss."). "[W]here the circumstances raise the possibility of a principal-agent relationship, and no written authority for the agency is established, questions as to the existence and scope of the agency must be submitted to a jury." *Time Warner City Cable v. Adelphi Univ.*, 813 N.Y.S.2d 114, 116 (2d Dep't 2006); *see also Amusement Indus. Inc. v. Stern*, 693 F. Supp. 2d 327, 344 (S.D.N.Y. 2010); *Hedeman v. Fairbanks, Morse & Co.*, 286 N.Y. 240, 248-49 (1941) ("questions of agency . . . are questions of fact to be submitted to the jury under proper instructions by the court"). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." *Hallock v. New York*, 64 N.Y.2d 224, 231 (1984); *see Long v. Graphic Controls Acquisition Corp.*, 141 N.Y.S.3d 391, 391-92 (4th Dep't 2021). "Courts must look to the substance of the relationship," since agency depends upon "the existence of the required factual elements creating a fiduciary relation." *In the Matter of Shulman Transport Enters., Inc.*, 33 B.R. 383, 385 (S.D.N.Y. 1983), *aff'd*, 744 F.2d 293 (2d Cir. 1984).

Here, plaintiff has alleged sufficient facts that Kenner acted as the actual or apparent agent of BYOB in executing the Mortgage and loan documents. For example, plaintiff alleges that "Kenner represented himself to the lender as an agent of BYOB and [Bais Yaakov Inc.] with authority to execute the Mortgage and Note which both actual and apparent authority Kenner had." Am. Compl. ¶ 24. Plaintiff further alleges that BYOB "hired Kenner to facilitate obtaining a loan on its behalf" and Rabbi Balkany, as President of the Board of BYOB, "sign[ed] certain authorization documents . . . ." Am. Compl. ¶ 25. Further, BYOB's Board voted unanimously to approve the terms of the loan. *Id.* ¶ 27. Kenner executed the Mortgage and Note

as Secretary of Bais Yaakov Inc. *Id.* ¶ 28. Finally, plaintiff alleges that Kenner wired approximately half of the loan proceeds to BYOB. *Id.* ¶ 31. Accepting all non-conclusory allegations in the Amended Complaint as true and drawing all reasonable allegations in plaintiff's favor, the Court cannot find that plaintiff's theory that Kenner acted as an agent of BYOB fails to state a claim. *See Amusement Indus*., 693 F. Supp. 2d at 344 ("to survive a motion to dismiss . . . a plaintiff need only raise a sufficient inference that some sort of agency relationship existed between the purported principal and agent.") (internal quotation marks and citation omitted).

**B. Alter Ego**

Plaintiff further alleges that BYOB and Bais Yaakov Inc. "are at best the same entity and at worst alter egos." Am Compl. ¶ 33. "New York law permits a plaintiff to 'pierce the corporate veil' and sue a non-signatory for breach of contract when the non-party is an alter ego of one or more signatories." *Mirage Ent., Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26, 34 (S.D.N.Y. 2018) (citation omitted). "Whether a wrongdoer is a defendant's alter ego is a fact specific matter." *In re Parmalat Sec. Litig*., 375 F. Supp. 2d 278, 292 (S.D.N.Y. 2005). Pleading alter ego liability "requires more than conclusory allegations of control; the party seeking to establish alter ego liability must plead sufficient factual allegations to establish that [the related entity]'s domination of [the alleged alter ego] was the means by which a wrong was done to plaintiff." *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*, No. 13-CV-7639, 2015 WL 4040882, at *6 (S.D.N.Y. July 2, 2015) (internal quotation marks and citation omitted). "To determine whether the necessary dominion and control exists for the Court to pierce the corporate veil, the Court must examine several factors, including (1) the sharing of a common office, staff, and ownership; (2) the intermingling of funds; (3) the treatment of the

corporations as one, not separate, profit centers; (4) the lack of the conventions of corporate existence; and (5) any inadequate earnings." *Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 150 (E.D.N.Y. 2003). "[V]eil piercing is warranted when [there is] 'an abuse of [the corporate] form either through on-going fraudulent activities of a principal, or a pronounced and intimate commingling of identities of the corporation and its principal or principals.'" *Atateks Foreign Trade, Ltd. v. Priv. Label Sourcing, LLC*, 402 F. App'x 623, 625 (2d Cir. 2010) (quoting *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600-01 (2d Cir. 1989)).

The Amended Complaint alleges that the two entities share overlapping management, share the same corporate offices, employ shared employees and that Kenner represented to the original lender that they are the same entity (Am. Compl. ¶¶ 5, 9, 11-15). *See Okapi Partners, LLC v. Holtmeier*, No. 18-CV-6381, 2019 WL 1517553, at *2, *4 (S.D.N.Y. Apr. 8, 2019) (noting that the dominated corporation "shared its office space with other companies affiliated with defendants" as one factor justifying veil piercing); *A.V.E.L.A., Inc. v. Est. of Monroe*, 34 F. Supp. 3d 311, 320-21 (S.D.N.Y. 2014) (finding plausible inference that these entities are sufficiently interrelated to be considered alter egos). Plaintiff further alleges that defendants used the two entities' corporate forms to "procure[] the subject mortgage encumbering the Property with no intention of repaying the underlying indebtedness and schemed to avoid their repayment obligations." Am. Compl. ¶ 2. Instead of obtaining the Note and Mortgage at issue in the name of BYOB, defendants represented that BYOB was the same entity as Bais Yaakov Inc. *Id.* ¶ 5. Plaintiff's alter ego liability claims are predicated on alleged misrepresentations made by Kenner who was acting on behalf of defendants, upon which the original lender relied to its detriment. Here, plaintiff alleges that "the corporate structure itself must have been used to further the fraud or injustice or 'as a shield for' unjust acts." *Partner Reinsurance Co. Ltd. v.*

*RPM Mortg., Inc.*, No. 18-CV-5831, 2020 WL 6690659, at *11 (S.D.N.Y. Nov. 13, 2020). Based on the allegations in the Amended Complaint, defendants cannot demonstrate as a matter of law that the foreclosure, declaratory judgment and reformation claims (First, Second and Third Causes of Action) are insufficiently pleaded.

**IV. Equitable Claims (Fourth and Fifth Causes of Action)**

In the Fourth Cause of Action, plaintiff alleges that "in the event the Mortgage is deemed invalid and cannot be reformed, based on [RCL § 12(1)], Lendterra seeks a declaration that it holds an equitable lien or mortgage against the Property in the full amount of the outstanding balance due under the Mortgage and Note." Am. Compl. ¶ 77. In the Fifth Cause of Action, plaintiff alleges a claim for unjust enrichment to recover the amounts owed under the terms of the Note. *Id.* ¶¶ 79-86.

Defendants argue that these claims must be dismissed because "New York courts have long rejected the argument that a party may avoid the impact of § 12(1)'s court-approval requirement on equitable grounds." Defs.' Mem. at 6 (citing *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 196 (S.D.N.Y. 2014)). Although defendants' statement of the law is generally correct, in this case, where defendants are alleged to have abused the corporate form of BYOB and Bais Yaakov Inc. to "procure[] the subject mortgage encumbering the Property with no intention of repaying the underlying indebtedness . . . to avoid their repayment obligations," Am. Compl. ¶ 2, the Court cannot find that an equitable lien or mortgage against the Property is unavailable as a matter of law. *See Rende & Esposito Consultants, Inc. v. St. Augustine's Roman Catholic Church*, 516 N.Y.S.2d 959, 962 (2d Dep't 1987). In *Rende & Esposito Consultants*, the purchasers brought an action for specific performance of a contract for the sale of real property owned by a church. The Second Department found that there were

genuine issues of fact as to whether the church should be equitably estopped from contesting the validity of the contract of sale and whether the church's board of trustees had ratified the contract of sale. *Id.* at 962. There, as here, the case involved "various representations made by the parties at the time of the execution of the contract" and the authority of a corporate officer to enter into a corporate real estate transaction. *Id.* Similarly, here, plaintiff alleges, and defendants contest, that defendant Kenner had both "actual and apparent authority" as an "agent" of BYOB and Bais Yaakov Inc. to execute the Mortgage and Note. Am. Compl. ¶ 24. As the Court previously found, it is premature to evaluate plaintiff's equitable arguments at this juncture. *Lendterra*, 2024 WL 3581205, at *5.

**V. Unjust Enrichment (Fifth Cause of Action)**

Defendants further argue that plaintiff's claim for unjust enrichment must be dismissed pursuant to RPAPL section 1301. *See* Defs.' Mem. at 7 (incorrectly citing RPAPL section 1303). According to defendants, plaintiff may not pursue a claim for foreclosure, and in the alternative, seek to recover monetary damages on the Note.

Under RPAPL section 1301, while a foreclosure action is pending (or after final judgment for the plaintiff therein):

> no other action shall be commenced or maintained to recover any part of the mortgage debt, . . . without leave of the court in which the former action was brought. The procurement of such leave shall be a condition precedent to the commencement of [the second] action and the failure to procure such leave shall be a defense to [the second] action.

RPAPL § 1301(3). "The primary purpose of the rule 'is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action[.]'" *U.S. Bank Nat'l Ass'n as Tr. of Registered Holders of GS Mortg. Sec. Corp. II, Com. Mortg. Pass Through Certificates, Series 2012-GCJ9 v. Mattone*, 769 F. Supp. 3d 298, 317

(S.D.N.Y. 2025) (quoting *Windward Bora LLC v. Browne*, No. 20-CV-4748, 2023 WL 2744684, at *15 (S.D.N.Y. Mar. 31, 2023), *aff'd*, 110 F.4th 120 (2d Cir. 2024)).

Here, plaintiff pleads its unjust enrichment claim in the alternative, in the event that the mortgage is held invalid. As defendants acknowledge, "where the validity of a contract is in dispute, a plaintiff will not be required to elect its remedy at the pleadings stage and may assert alternative claims in both contract and quasi-contract." Defs.' Mem. at 7; *see Worldcare Int'l, Inc. v. Kay*, 989 N.Y.S.2d 495, 497 (2d Dep't 2014). In federal court, alternative pleading is generally permissible. *See* Fed. R. Civ. P. 8(d)(2). Particularly at the pleading stage, a party is entitled to plead in the alternative, and is not required to elect between legal and equitable relief. *See Doe v. Hilton Cent. Sch. Dist.*, 720 F. Supp. 3d 184, 195 (W.D.N.Y. 2024); *Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 580 (E.D.N.Y. 2014); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency").

Moreover, defendants mischaracterize plaintiff's claim for unjust enrichment. Plaintiff's unjust enrichment claim does not seek enforcement of the Note. Rather, plaintiff's claim for unjust enrichment is based on the defendants' receipt of the loan proceeds in exchange for an alleged voidable mortgage. That theory forms the basis of a viable cause of action for unjust enrichment. *See New York Cmty. Bank v. Campbell, Jr.*, No. 11291/2007, 2019 WL 202235, at *4 (N.Y. Sup. Ct. Jan. 7, 2019) ("to the extent plaintiff is determined to be unable to foreclose its mortgage because the Junior Campbells are no longer in title to the subject property, plaintiff's complaint states a potentially viable cause of action for unjust enrichment predicated on such defendants' receipt of the loan proceeds").

## VI. Fraud Claim (Sixth Cause of Action)

Defendants argue that plaintiff's fraud claim should be dismissed as time barred and for

failure to plead with particularity. Defs.' Mem. at 8-10. Plaintiff contends that its fraud claim is timely under the relation back doctrine and is sufficiently pled. Pl. Opp. at 19-26.

The statute of limitations for a fraud claim under New York law is the greater of six years from the date the claim accrued, or two years from the date the plaintiff discovered the fraud or could have discovered the fraud with reasonable diligence. *See* N.Y. C.P.L.R. § 213(8). The loan transaction closed in February 2019, Am. Compl. ¶ 4, more than six years before the filing of the Amended Complaint in August 2025, Dkt. 95. Plaintiff's fraud claim, therefore, must relate back to the filing date of the original Complaint to be considered timely.

Rule 15(c)(1)(C) allows an amended complaint adding a new party to relate back to the date of the original pleading if four requirements are satisfied:

> (1) the claim must have arisen out of conduct set out in the original pleading;
> (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
> (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and . . .
> (4) the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); Fed. R. Civ. P. 15(c). However, under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure, "if the applicable statute of limitations is determined by state law . . . courts should assess both the state and federal relation back doctrines and apply whichever law is more generous." *Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of COMM 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 806 F. Supp. 3d 338, 348 (E.D.N.Y. 2025) (internal quotation marks and citation omitted). "[C]ourts in this District consistently find the New York State relation back rule more generous than the federal provision." *Id.* (quoting *Jiminez v. Hartford*, No. 21-CV-1039, 2022 WL 1567701, at *4 (S.D.N.Y. May 17, 2022) (collecting cases)).

Section 203(f) of the New York C.P.L.R. provides for relation back, "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." C.P.L.R. 203(f). Here, while the original Complaint provided ample notice that plaintiff intended to foreclose on the Property, the moving defendants did not receive any notice of their potential liability. In addition, the original Complaint did not give the moving defendants notice of the conduct that plaintiff now alleges constituted a fraudulent scheme. *See US Bank Nat'l Ass'n v. Gestetner*, 960 N.Y.S.2d 227, 231 (3d Dep't 2013) (dismissing fraud claim as untimely where original foreclosure complaint did not give notice of alleged fraud); *see also 839 Cliffside Ave, LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for First Franklin Mortg. Loan Tr. 2006-FF3, Mortg. Pass-through Certificates, Series 2006-FF3*, No. 15-CV-4516, 2017 WL 11723912, at *6 (E.D.N.Y. Aug. 25, 2017) ("nothing in the original counterclaim gave notice that Defendant would allege the same conduct that previously only constituted an inequity would also now be characterized to be a violation of a contractual obligation"). There are simply no allegations contained in the original Complaint that suggested that BYOB and the individual defendants had engaged in a fraudulent scheme in connection with the Mortgage. Plaintiff's fraud claim (Sixth Cause of Action), therefore, must be dismissed as untimely.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part the motion to dismiss filed on behalf of defendants BYOB, Yehoshua Milton Balkany, and Sara Balkany.

**SO ORDERED**

Dated: Brooklyn, New York
September 18, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge